### T. DONLEY v. THE STATE.

#### No. 3218. Decided October 25, 1905.

**1.—Local Option—C. O. D. Sale—Place of Contract.**

On a trial for a violation of the local option law where the evidence showed that the sale of the liquor was consummated in the State of Kentucky, where it was delivered to the carrier to be conveyed to the consignee, cash on delivery in C. County, Texas, there was no violation of the local option law.

**2.—Same—Interstate Shipment—Interstate Commerce.**

On a trial for the violation of the local option law, where the evidence showed that a shipment of whisky was made in the State of Kentucky upon a cash on delivery order in Texas, and was delivered in said State of Kentucky to the carrier, the express company, to be conveyed to the consignee in the State of Texas, such sale was made in foreign territory and protected as interstate commerce. Following Sedgwick v. State, 12 Texas Ct. Rep., 455.

Appeal from the County Court of Camp. Tried below before Hon. J. D. Bass.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief of appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.—The remaining question is the sufficiency of the evidence to sustain the conviction. Appellant was the agent of a Kentucky liquor house, solicited the order in question; the liquor was delivered on said order by the express company in Camp County. Does this case come within the Tullis case? The record seems to be silent as to the terms of the contract of shipment. Was not the jury authorized to find on this evidence that the delivery was to be made in Camp County? If so, the judgment of conviction should be sustained. The court instructed the jury that if they believed appellant was the agent of the Kentucky house, or if he had an interest in the sale of the whisky, they should convict.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and prosecutes this appeal. The only question that need be considered is, was this sale of intoxicating liquor in Camp County? Or was it simply a C. O. D. sale, sold and shipped at Covington, Kentucky? The testimony on this point is, as follows: "Cotter stated that he met appellant in Pittsburg, Camp County; he told me he was taking orders for whisky, and that he would order me some if I wanted it; that it would cost me $3.85 per gallon. I gave him an order for one gallon, he filled out an order on some house in Covington,

Kentucky. He told me the whisky could come C. O. D. by express to me. About a week afterwards, witness went to the Katy depot, and found the whisky had come, and paid the agent the C. O. D. charges, $3.85, and took the whisky. Never paid defendant any money for the whisky; did not know what he got.for taking the order. Defendant took my order in Pittsburg, and the whisky was delivered to me at the Katy depot about October 1, 1904." The testimony of the express agent is to the effect, that he received the gallon of whisky, shipped from Covington, Kentucky, and consigned to appellant at Pittsburg; it was a C. O. D. package, and the charges were $3.85. There is some testimony that appellant told one Honeycutt that he was acting for Crigler & Crigler, of Covington, Kentucky, and that they were to pay him 50 cents per gallon on all whisky orders taken by him, which was accepted and taken out of the express office by consignees; that whisky ordered by him and not taken out by consignees was to be shipped back to Crigler & Crigler, at his expense, the same to be deducted from his commission. That he proposed to witness Honeycutt on one occasion to go in with him to solicit orders. This is in effect all the testimony. There is nothing to take the case out of the ordinary C. O. D. shipment; and that too, an interstate shipment. We have repeatedly held that such sales of liquor were consummated at the place where the liquor was delivered to the carrier to be conveyed to the consignee. Keller v. State, 13 Texas Ct., 264. We have also held the C. O. D. shipment of liquor, where the consignment was made beyond the State and in another State, that the sale.was made in the foreign territory, and was protected as interstate commerce. Sedgwick v. State, 12 Texas Ct. Rep., 455.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*